UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHNNY WILLIAM JOHNSON, III, | Case No. 2:22-cv-00462-APG-EJY |
| Petitioner, | **ORDER** |
| v. | |
| C. JOHNSON, et al., | |
| Respondents. | |

Petitioner Johnny William Johnson, III initiated this case by submitting a Petition for Writ of Habeas Corpus (ECF No. 5) on March 14, 2022, but he did not pay the $5.00 habeas filing fee or file an application to proceed *in forma pauperis* (IFP) for incarcerated litigants. *See* 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.  On April 6, 2022, I ordered Johnson to either pay the $5 filing fee or submit a complete IFP application with all required attachments within 45 days. ECF No. 3.  Johnson was warned that a failure to comply would result in the dismissal of this action. *Id*.  The 45-day deadline expired May 23, 2022.  Because Johnson failed to comply by that date, I dismissed the petition without prejudice on May 25, 2022. ECF No. 4.  Judgment was entered. ECF No. 6.

On June 30, 2022, Johnson filed a motion to reopen, explaining that he never received my April 6, 2022, order. ECF No. 7.  Based on his representations, I reopened this case, vacated the dismissal order and judgment, and gave Johnson another opportunity to comply. ECF No. 8.  I warned Johnson again that a failure to comply would result in the dismissal of this action. *Id*. at 2.  On August 30, 2022, Johnson filed an incomplete IFP application and a letter explaining that he provided a financial certificate to the proper prison officials but had not received it back yet.

ECF Nos. 9, 9-1.  I deferred ruling on Johnson's IFP application and granted him an additional 45 days to file a completed financial certificate and statement of his inmate account. ECF No. 10.  Because Johnson failed to comply by the October 17, 2022 deadline, I again dismissed the petition without prejudice. ECF No. 11.  Judgment was entered. ECF No. 12.

On January 24, 2023, Johnson filed a letter, which I construed as a motion for reopening, explaining that he was unable to comply with my previous order because he "was hospitalized from the end of September [until] the 3rd week of December." ECF No. 13.  Johnson also filed a financial affidavit and a motion for appointment of counsel. ECF Nos. 14, 15.  I found good cause to reopen this case and again vacated the dismissal order and judgment. ECF No. 16.  Based on the financial affidavit, I also granted Johnson's motion for leave to proceed IFP. *Id*.  However, after conducting an initial review of Johnson's petition under the Rules Governing Section 2254 Cases (Habeas Rules), I ordered Johnson to show cause why his petition should not be dismissed as untimely.

Johnson responded to my order with a letter. ECF No. 17-1.  The Clerk of the Court rejected the letter because it was not "styled as a motion." ECF No. 17.  But because I did not order Johnson to show cause in any particular way, I deem his letter a sufficient response to the order to show cause.  As such, I strike the minute order entered on March 20, 2023, and direct the Clerk of the Court to file Johnson's letter.  I now review Johnson's response to my order to show cause and his motion for appointment of counsel. ECF Nos. 14, 17-1.[1]

/ / / /

/ / / /

---

[1] I repeat the background section below, which was originally included in my order to show cause.

I. **BACKGROUND**[2]

Johnson challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *See State of Nevada v. Johnny Johnson*, case no. C-12-285924-1. On October 10, 2013, the state court entered a judgment of conviction after a jury trial for two counts of attempted murder with the use of a deadly weapon, battery with the use of a deadly weapon resulting in substantial bodily harm, assault with a deadly weapon, discharging a firearm at or into a structure, carrying a concealed firearm, and possession of a firearm by an ex-felon. Johnson was sentenced to an aggregate term of 30 to 75 years. He appealed, and the Nevada Court of Appeals affirmed on January 21, 2015. Remittitur issued on February 17, 2015.

On May 26, 2015, Johnson filed a state petition for writ of habeas corpus. The state court denied post-conviction relief, and Johnson filed a post-conviction appeal. The Nevada Court of Appeals affirmed the denial on July 17, 2018. Remittitur issued on August 15, 2018.

On October 19, 2018, Johnson filed a federal habeas corpus petition in *Johnson v. Gittere*, case number 3:18-cv-00496-LRH-WGC.[3] Following the respondents' motion to dismiss, the court found several grounds of Johnson's petition to be unexhausted and gave Johnson three options: (1) dismiss the unexhausted grounds, (2) dismiss the action and return to state court to exhaust the unexhausted grounds, or (3) stay the action while he returned to state court to exhaust the unexhausted grounds. The court warned Johnson that if he chose "the second option, the court makes no assurances about any possible state-law procedural bars or the timeliness of a subsequently filed federal habeas corpus petition." In response, Johnson filed a

---

[2] I take judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

[3] I take judicial notice of this case's docket.

declaration stating that he wished to dismiss the action while he exhausted his grounds for relief in state court.  So on May 11, 2020, this court dismissed the action without prejudice.

On July 17, 2020, Johnson filed a second state petition for writ of habeas corpus.  The state court denied Johnson's second petition as procedurally barred, and Johnson filed a post-conviction appeal.  The Nevada Court of Appeals affirmed on June 28, 2021, finding that Johnson's second state petition was untimely and successive.  Remittitur issued on July 23, 2021.

On approximately February 27, 2022, Johnson initiated this federal habeas corpus proceeding. ECF No. 5 at 15.

**II.    DISCUSSION**

In my order to show cause, I noted without deciding that it appeared Johnson's AEDPA clock expired on February 2, 2021, making his current petition, which was mailed on February 27, 2022, untimely. ECF No. 16.  In his response to my order to show cause, Johnson explains that he was hospitalized for two months for a stroke, he has been in and out of the hospital various times since his stroke, he did not receive legal mail while he was in the hospital, and he has had difficulty obtaining his legal paperwork because he has been transferred various times due to his hospitalizations. ECF No. 17-1.  Although Johnson attaches to his response some medical records and various prison grievances, it is not clear which dates Johnson was hospitalized or without his legal paperwork.  As such, it is not clear whether Johnson is entitled to any delayed accrual or equitable tolling.  But due to the nature of Johnson's allegations in his response to my order to show cause, it does not plainly appear that the petition is plagued by insurmountable procedural defects. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).  Accordingly, I find that a response is warranted here.

I now turn to Johnson's motion for the appointment of counsel. ECF No. 14. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id*. (authorizing appointed counsel when "the interests of justice so require"). But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). I provisionally appoint the Federal Public Defender to represent Johnson. I find that the appointment of counsel is in the interests of justice given, among other things, Johnson's lengthy prison sentence and his serious health issues.

### III.   CONCLUSION

I THEREFORE ORDER:

1. The Clerk of Court is instructed to (1) vacate the March 20, 2023, minute order [ECF No. 17], and (2) file Johnson's response [ECF No. 17-1].
2. The respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required until further order.
3. The motion for appointment of counsel **[ECF No. 14] is granted**.
4. The Clerk of the Court shall electronically provide the Federal Public Defender a copy of (1) this order, (2) the order to show cause [ECF No. 16], and the petition [ECF No. 5]. The Federal Public Defender is provisionally appointed as counsel

and will have 30 days to (1) undertake direct representation of Johnson by filing a notice of appearance or (2) indicate the office's inability to represent Johnson in this case.  If the Federal Public Defender is unable to represent Johnson, I will appoint alternate counsel.  Appointed counsel will represent Johnson in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition or seeking other relief will be set after counsel has entered an appearance.  I anticipate a deadline approximately 90 days after the order of appointment.

5. Any deadline established and any extension thereof will not signify any implied finding of a basis for tolling during the time period established.  Johnson remains responsible for calculating the running of the federal limitation period and timely presenting claims.  That is, by setting a deadline to amend the petition and by granting any extension, I make no finding that the petition, any amendment, and any claims are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

6. The Clerk of the Court is directed to send a courtesy copy of this order to (1) Johnson at Lovelock Correctional Center,[4] and (2) the CJA Coordinator for this division.

Dated: March 27, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[4] The court's minute order was returned as undeliverable with a notation that Johnson is now housed at Lovelock Correctional Center. ECF No. 18.

6