UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHNNY WILLIAM JOHNSON, III,<br><br>Petitioner,<br><br>v.<br><br>NETHANJAH BREITENBACH,[1] et al.,<br><br>Respondents. | Case No. 2:22-cv-00462-APG-EJY<br><br>**Order Denying<br>Motion to Dismiss**<br><br>[ECF No. 55] |

Petitioner Johnny William Johnson, III, a Nevada prisoner, has filed a counseled First-Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 35. The respondents move to dismiss the First-Amended Petition. ECF No. 55. For the reasons discussed below, I deny the motion to dismiss.

**I.    PROCEDURAL HISTORY**

The Nevada Court of Appeals described the evidence presented at Johnson's jury trial as follows:

> The jury heard testimony that Allen Griffin got into an argument with Johnson on April 20, 2012. Later that evening, Griffin, Marquet Polk, and Monique Traylor were sitting at a table and chairs in front of Griffin's mother's house, when Johnson came by, pulled out a gun and started shooting. Upon hearing the shots, Griffin dove to the ground. Traylor tried to run into the house, but was hit in the left side. Both Griffin and Traylor testified that they were afraid for their lives. Traylor's daughter Deborah was in the house at the time of the shooting. She looked outside upon hearing the shots and saw her mom lying near the door, holding her side. Deborah reported hearing six shots with pauses between them.

---

[1] The Nevada Department of Correction indicates that Johnson is incarcerated at Lovelock Correctional Center. Nethanjah Breitenbach is the current warden for that facility. Accordingly, at the end of this Order, I kindly request the Clerk of Court to substitute Nethanjah Breitenbach for respondent C. Johnson. *See* Fed. R. Civ. P. 25(d).

>Griffin, Traylor, and Deborah all positively identified Johnson as the shooter. Polk testified that he could not identify the shooter and could only state that the shooter was wearing a red shirt. Traylor was transported to the hospital where she underwent surgery to remove her spleen, left kidney, and a portion of her colon. Traylor also suffered from a fractured rib and a bullet could not be removed because removal would cause more damage. Traylor testified that she has to go to the doctor for periodic checks regarding the bullet that remains in her body and she still has scarring from the surgery.
>
>At the scene, officers observed bullet impacts on the front of the residence, on a tree, on a door frame, and on a window frame. Several cartridges were recovered from the scene, all of which were fired from a single firearm. Officers searched an apartment known to be associated with Johnson. Inside an air conditioning intake vent in the apartment, officers found both a box and tray of 9 millimeter ammunition that were wrapped up in a shirt or blanket and, from elsewhere in the apartment, they recovered a red and white T-shirt and a manila envelope that had Johnson's name, but a different address, on it. The ammunition found in the apartment matched the manufacturer and class of cartridges that were recovered from the scene. The recovered box of ammunition had four spent cartridges in it, three of which were shot from the same gun that was used in the shooting. Evidence was also presented that Johnson did not have a carry concealed weapons permit. Officers made contact with Johnson and collected two cell phones from his person. Testimony was presented that one of the cell phones contained several images. One image, showing a male in a red and white striped shirt was taken two days before the shooting. Two other images, taken four days after the shooting, depicted a male holding a firearm taking a "selfie" and "cash fanned out."

ECF No. 49-27 at 3–4.

A jury found Johnson guilty of two counts of attempted murder with the use of a deadly weapon, battery with the use of a deadly weapon resulting in substantial bodily harm, assault with a deadly weapon, discharging a firearm, carrying a concealed firearm, and possession of a firearm by an ex-felon. ECF No. 48-44. Johnson was sentenced to an aggregate term of 30 to 75 years in prison. *Id*. Johnson appealed, and the Nevada Court of Appeals affirmed on January 21, 2015. ECF No. 49-27.

Johnson filed a petition for writ of habeas corpus in state court on May 26, 2015. ECF No. 49-41.  The state court granted counsel for Johnson, and Johnson filed a counseled supplemental memorandum in support of his petition. ECF No. 50-16.  The state court denied the petition on December 6, 2016. ECF No. 50-21.  Johnson appealed, and the Nevada Court of Appeals affirmed on July 17, 2018. ECF No. 50-45.  Johnson filed a motion for modification of his sentence on December 19, 2019. ECF No. 50-50.  The state court denied the motion on February 4, 2020. ECF No. 51-2.  On July 17, 2020, Johnson filed a motion to submit new evidence and a second state habeas petition. ECF Nos. 51-3, 51-5.  The state court denied the second habeas petition on October 8, 2020, and denied the motion to submit new evidence on March 2, 2021. ECF Nos. 51-7, 51-24.  Johnson appealed the denial of his second state habeas petition, and the Nevada Court of Appeals affirmed on June 28, 2021. ECF No. 51-31.

## II.     DISCUSSION

In Johnson's First-Amended Petition, he raises the following grounds for relief: (1) his trial counsel failed to investigate his innocence and the possibility that his brother was the shooter, and (2) he is factually innocent of the crimes. ECF No. 35.  The respondents argue that ground 2 is not cognizable, the First-Amended Petition is untimely, ground 1 is procedurally defaulted, and ground 2 is unexhausted. ECF No. 55.

### A.     Cognizable Actual Innocence Claim

The respondents argue that ground 2 does not raise a cognizable claim under the Federal Constitution. ECF No. 55 at 13.  The Antiterrorism and Effective Death Penalty Act "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)).  When conducting habeas review, a federal court is limited to deciding whether a

conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).  Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas. *McGuire*, 502 U.S. at 68.  The Supreme Court has not decided whether there is a freestanding claim of actual innocence under federal constitutional law. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).  Given the open nature of this question, I decline to dismiss ground 2 on this basis at this time and find that this issue is more appropriately addressed in connection with the merits of the First-Amended Petition.

### B.  Timeliness and Procedural Default

The respondents argue that the First-Amended Petition is untimely or, alternatively, that none of the claims relates back to Johnson's *pro se* original petition. ECF No. 55 at 6.  The respondents also argue that ground 1 is procedurally defaulted. *Id*. at 12.  Johnson agrees that his First-Amended Petition is untimely and that his second state habeas petition was dismissed as procedurally barred, but he argues that this court can grant an equitable exception to the one-year statute of limitations and excuse the procedural default because he is actually innocent. ECF No. 59 at 2.  Johnson contends that, according to his new evidence, Mitchell Johnson was the actual shooter. *Id*. at 4.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] expiration of the statute of limitations." *McQuiggin*, 569 U.S. at 386.  To be credible, an actual innocence claim "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  The Supreme Court

4

has cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329); *House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

Because I must assess Johnson's new evidence in light of the evidence of guilt adduced at trial, I defer consideration of Johnson's actual-innocence gateway to overcome the untimeliness of the First-Amended Petition and the procedural default of ground 1 until I review the merits of the First-Amended Petition.

**C.    Exhaustion**

The respondents argue that ground 2 is unexhausted. ECF No. 55 at 9.  A state prisoner must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A).  This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).  "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014).  To fully and fairly present a claim, a petitioner must present the substance of his claim to the state courts, and the claim presented to the state courts must be the substantial equivalent of the claim presented to federal court. *Picard v. Connor*, 404 U.S. 270, 278 (1971).  The state courts have been afforded a sufficient opportunity to hear an issue when a petitioner has presented the state court with the issue's factual and legal basis. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).  A

petitioner may reformulate his claims so long as the substance of his argument remains the same. *Picard*, 404 U.S. at 277–78.

The Nevada Court of Appeals addressed and denied Johnson's actual innocence claim:

> Johnson appeared to assert that his claims should be reviewed on their merits because he is actually innocent. Johnson based his actual-innocence claim upon an assertion that he has information indicating that another person was responsible for the shooting. However, the record reveals that several witnesses identified Johnson as the shooter. Police officers subsequently searched an apartment associated with Johnson and discovered ammunition consistent with the bullet casings recovered from the crime scene and clothing consistent with the type that the shooter had been wearing during the incident. In light of the strong evidence of Johnson's guilt presented at trial, he did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001), *abrogated on other grounds by Rippo v. State*, 134 Nev. 411, 423 n.12, 423 P.3d 1084, 1097 n.12 (2018). We therefore conclude the district court did not err by denying Johnson's petition without conducting an evidentiary hearing.

ECF No. 51-34 at 4–5. Accordingly, because Johnson raised the substance of his actual innocence claim before the state courts, the respondents' exhaustion argument lacks merit.

### III.   CONCLUSION

I THEREFORE ORDER that the motion to dismiss **[ECF No. 55] is DENIED** without prejudice.

I FURTHER ORDER that the respondents have until March 3, 2025 to file an answer to the First-Amended Petition. The remainder of the Scheduling Order [ECF No. 24] remains in effect.

I FURTHER ORDER the Clerk of Court to substitute Nethanjah Breitenbach for Respondent C. Johnson.

Dated: December 31, 2024.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE